Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE HARTFORD SYNDICATE 1221, LLOYDS OF
LONDON a/s/o LAWRENCE WHOLESALE LLC

      Plaintiff,                      22 Civ.

   - against –

                                                   **COMPLAINT**

ORIENT OVERSEAS CONTAINER LINE LIMITED
t/a ORIENT OVERSEAS CONTAINER LINE

      Defendant.
-------------------------------------------------------------X

      Plaintiff, The Hartford Syndicate 1221, Lloyds of London a/s/o Lawrence Wholesale LLC by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

## JURISDICTION

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

      2.     At all material times, The Hartford Syndicate 1221, LLOYDS OF LONDON (hereinafter "Lloyds" or "Plaintiff") is a group of companies and/or syndicates all of which subscribed to Policy B0180PC20229333 that exist under and by virtue of the laws of one or more various countries with a principal place of business located at One Lime Street, London EC3M

7HA, England, and is the subrogated underwriter of a consignment of frozen Shrimp, as more specifically described below.

3.   At all material times, Lawrence Wholesale LLC, (hereinafter "Lawrence" or "Plaintiff") was and is a limited liability company organized and existing by virtue of the laws of a foreign state with an office and place of business located at 4353 Exchange Avenue, Vernon, CA 90058 and was the owner and consignee of a consignment of frozen Shrimp, as more specifically described below.

4.   At all material times, defendant, ORIENT OVERSEAS CONTAINER LINE LIMITED t/a Orient Overseas Container Line (hereinafter "OOCL" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at OOCL (USA) Inc., 63 East 11400 South, #402, Sandy, Utah 84070, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5.   Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**RELEVANT FACTS**

6.   On or about May 1, 2021, a consignment consisting of 1550 Cases of Frozen Shrimp, laden in refrigerated container OOLU 6298163, then being in good order and condition, was delivered to OOCL and/or its agents in Tanjung Priok, Indonesia. The cargo was booked for transit on board the M/V ELA in Tanjung Priok, Indonesia destined for Chicago, Illinois via Long Beach, California, all in consideration of an agreed upon freight, and in consideration of OOCL

maintaining a supply air temperature of -20°C at all times, all pursuant to OOCL bill of lading OOLU2665869890 dated May 1, 2021.

7. Thereafter the container was loaded on board the M/V ELA on or about May 1, 2021, OOCL bill of lading OOLU2665869890 was issued and the vessel sailed for her intended destination.

8. The subject container was discharged in Taiwan on May 21, 2021 for purposes of transshipment.

9. The subject container was loaded on board a second vessel in Taiwan on or about May 25, 2021.

10. The subject container was discharged in Long Beach, California on or about June 11, 2021.

11. OOCL arranged with it subcontracting partner BNSF Railway to transport the container from Long Beach, California to the intended destination in Chicago, Illinois.

12. The container was delivered to BNSF by OOCL on June 13, 2021.

13. The container arrived in Chicago, Illinois on July 16, 2021 and was delivered to the consignee's warehouse in Indiana on July 19, 2021.

14. When delivery was attempted, warehouse personnel noted temperatures at 30.9°F and wetted boxes.

15. A survey was requested and took place on July 20, 2021. Temperature records were evaluated and it was determined that the shipment experienced a significant temperature deviation commencing on June 26, 2021, reaching 0°C on June 30, 2021 and remaining above 0°C until July 15, 2021. A high temperature of 14.2°C (57.5°F) was recorded on July 9, 2021. There were no temperature records available to the survey beyond the July 15, 2021 date.

16. As a result of the temperature abuse, the consignment was not in the same good order and condition as when first received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control. The cargo was ultimately destroyed.

17. The damage to the cargoes was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

18. The sound market value of the cargo at destination was $165,850.00. Expenses in the amount of $9,254.00 were incurred in order to dispose of the cargo, resulting in a total loss of $175,104.00.

19. At all times relevant hereto, a contract of insurance for property damage was in effect between Lawrence and Lloyds, which provided coverage for, among other things, loss or damage to the aforementioned consignments of Frozen Shrimp.

20. Pursuant to the aforementioned contract of insurance between Lawrence and Lloyds, monies have been expended on behalf of Lawrence to the detriment of Lloyds due to the damages sustained during transit.

21. As Lloyds has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, Lloyds has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the Defendant.

22. Lawrence, in addition, assigned the deductible portions of the claim to Lloyds.

23. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $175,104.00.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 23, inclusive, as if herein set forth at length.

25. Pursuant to the contract of carriage entered into by and between the parties, the Defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

26. The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

27. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $175,104.00.

28. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $175,104.00.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, as if herein set forth at length.

30. At the time of the aforementioned incident, Defendant together with the entities it hired to act on its behalf, was acting as bailee of the aforementioned cargo and in its own capacity, or through its contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to it.

Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

31. Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

32. As a direct and proximate result of said breach of bailment by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $175,104.00.

33. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $175,104.00.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, as if herein set forth at length.

35. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

36. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

37. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $175,104.00.

38. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $175,104.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $175,104.00 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       May 4, 2022
       228-202

                        **CASEY & BARNETT, LLC**
                        Attorneys for Plaintiff

By: _/s/ Martin Casey_____
     Martin F. Casey
     305 Broadway, Ste 1202
     New York, New York 10007
     (212) 286-0225